PEEL *vs*. THE BOARD OF METROPOLITAN POLICE and others.

Certain individuals, embassadors from Japan, sent a sum of money to D., with a request that B. should distribute the same among the police force of New York and three other cities named; and the wish was expressed "that the same should be applied in consonance with your usages, in acknowledgment of the efficiency of those police officers in contributing so much to our comfort." The money was divided between the four cities named, and $13,750 was appropriated to New York. That sum was paid over to the board of police, which body, instead of distributing the money among the police force, adopted a resolution that the donation of the Japanese embassy should constitute the Japanese merit fund, to be invested by the comptrollers of New York and Brooklyn and the treasurer of the board; and that from the income there should be paid, annually, $650, to be divided between one captain, two sergeants and five patrolmen, who, during the year, had best discharged their duty, in the proportions specified. The comptrollers declined to accept the duty, and the fund remained in the hands of the treasurer of the board. The plaintiff was a member of the police during the time the Japanese embassy was in the city, but had since resigned his office. He sued to recover his share of the fund.

*Held*, 1. That when the board of police agreed to accept the fund from B., they did so under the obligation to dispose of it according to the wishes of the donors; and they had no authority to divert it from that purpose and apply it to the formation of a merit fund for the whole body of the police that might thereafter exist.

2. That the plaintiff, while a member of the police, had no right to accept the present without the consent of the board; and that no such right accrued by his resignation.

3. That the board of police, by accepting the fund, undertook to dispose of the same according to the terms of the donors, among those who composed the police force at that time; and that their reception of the money warranted the presumption that they consented to such payment.

4. That the plaintiff was entitled to judgment, for his distributive share of the fund.

THIS case was made and submitted under the 372d section of the code, without action. The claim was by a policeman, against the board of police, to recover from them his share of the moneys presented by the embassadors from Japan to the police force of the cities of Washington, Baltimore, Philadelphia and New York, to be distributed between them. The money was sent to Capt. Dupont, with a request that Mr.

Belmont should distribute the sum as stated in their letter, and the wish was expressed "that the same should be applied in consonance with your usages, in acknowledgment of the efficiency of those police officers in contributing so much to our comfort." The money was divided between the cities above named, and $13,750 was appropriated to this city. This sum was paid over to the board of police. The board, instead of distributing the money among the police force, adopted a resolution that the donation of the Japanese embassy should constitute the Japanese merit fund, to be invested by the comptrollers of New York and Brooklyn, and the treasurer of the board, and that from the income there should be paid annually $650, to be divided between the captain, two sergeants and five patrolmen, who during the year have best discharged their duty — $200 to the captain, $125 to each sergeant, and $100 to each patrolman. The comptrollers declined to accept the duty, and the fund has remained in charge of the treasurer of the board. Payments have been made, from time to time, in accordance with the resolutions. The money now in the hands of the treasurer amounts to $14,665.62. The plaintiff was a member of the police during the time the Japanese embassy was in this city, but has since resigned his office.

Two questions are submitted to the court by this case:

1st. Whether the board of police had any power or authority to set apart the said moneys and appropriate the same in the manner above stated?

2d. Whether the plaintiff was and is entitled to the immediate payment of a share of the said moneys, in proportion to the number of the whole police force?

*W. C. Traphagen* and *J. T. Brady,* for the plaintiff.

*A. J. Vanderpoel,* for the defendants.

*By the Court,* INGRAHAM, P. J. There can be little difficulty in deciding the question whether the board of police had

a right to dispose of the fund in the manner directed by their resolutions. The moneys were given for a particular purpose, not to the board of police but to Mr. Belmont, to be distributed among the police force. When the board of police agreed to accept the fund from Mr. Belmont, they did so under the obligation to dispose of it according to the wishes of the donors. They had no authority to divert it from that purpose and apply it to the formation of a merit fund for the whole body of the police that might thereafter exist. The donors annexed two conditions to their gift, viz : to be distributed among the policemen, and to belong to the then members of the police force.

The board was under no obligation to receive it, nor to permit the police force, without their consent, to receive it. But when they accepted the money, they must be considered as receiving it for the purpose of carrying out the wishes of the donors, and with that intent. If any other object is suggested, it would lead to the supposition that the board intended to take the money and apply it to a purpose foreign to the object for which it was given. It can hardly be imagined, for a moment, that the money was given with any intent of having it so applied. On the contrary, the donors expressed a' wish that Mr. Belmont should explain to the police force, at the time of distributing it, that it was so given "in acknowledgment of the efficiency of those police officers in contributing so much to our comfort."

It is contended that the statute makes the board of police trustee of all rewards. I do not so understand it. The 65th section provides that the board may permit members to receive rewards, and makes it a cause of removal for any member to receive any such reward or present without notice to the board. Upon receiving such notice, the board may either permit the member to retain the reward or shall dispose of it for the benefit of the police life insurance fund.

The board is not made the trustee, but has the power to transfer a reward to the police life insurance fund, and not to

any other purpose. But this provision does not apply in this case. It is only in a case where a member has received a reward. He is bound to give notice to the board, and, upon receiving the notice, they may decide as to the disposition of the present. In this case no such present has been received. The money is in the hands of a third person, to be applied in a specific way. If the board consented to such application, the members of the police could receive their share of the fund. If they did not, they had no authority to receive it, much less to apply it to a purpose different from that stated in the section on which they rely to sustain this resolution.

I have no doubt that the disposition made by the board of police was a misappropriation of the fund, not intended by the donors, unauthorized by the terms on which it was offered, and in violation of the provisions of the 65th section of the act, if that could in any way be made applicable to it.

As to the question whether the plaintiff has a right to recover his share of this fund, there is more difficulty. If the acceptance of the fund by the board of police can be considered an assent on their part to distribute the fund according to the intent of the donors, then their consent that the men should receive the present should be presumed.

The 65th section of the act and the 37th section of the general rules do not in terms apply to this case at all. The 65th section is confined to a reward given to an individual member of the police force, and does not apply to a sum of money presented to the whole force. The reason of the provision is inapplicable. It was undoubtedly to take away from the members the desire for pecuniary reward as an inducement for a prompt performance of duty, that the section was passed.

And the 37th rule applies only to presents from *citizens* and policemen. The present gift was within neither of the provisions, and, strictly speaking, they do not apply to the case. Still I am by no means disposed to say that the board had not the power, on the offer of this fund to the police

force, to prohibit them from accepting it, if in their judgment the receipt of it by the members would have operated injuriously on the whole body. They had a right to establish general rules, and may have intended the 37th rule to be broad enough to cover any gift made to them, giving to the term " citizen" a more comprehensive meaning so as to include all other persons, in contradistinction to the police force. If it has so extensive a meaning, then the rule, in its spirit, would forbid the reception by any member of a complimentary gift, and we are not prepared to decide that the plaintiff, without such consent, while a member of the police force, had a right to receive such presents. If he had no right while a member, the right does not accrue by his resignation.

But, as before suggested, the act of the board of police, in accepting the moneys under the conditions annexed to the gift, must be presumed as signifying their consent to dispose of the same in accordance with the will of the donors. We can not suppose that the board would accept the same, with the conditions annexed to the gift, with any other intention.

Our conclusions, therefore, are :

1st. That the board of police had no authority to dispose of the funds as directed by their resolutions of 31st August, 1860.

2d. That the plaintiff, while a member of the police, had no right to accept the present without the consent of the board, and that no such right accrues by his resignation.

3d. That the board of police, by accepting the funds, undertook to dispose of the same according to the terms of the donors, among those who composed the police force at that time, and their reception of the money warrants the presumption that they consented to such payment.

We are, therefore, of the opinion that the plaintiff is entitled to judgment for his distributive share of the fund.

Judgment accordingly.

[NEW YORK GENERAL TERM, May 2, 1865. *Ingraham, Clerke* and *Sutherland,* Justices.]